## Sherman et al. v. Craft.

January 30, 1948.

J. S. Forester, Judge.

W. T. Davis and Logan E. Patterson for appellants.

E. B. Wilson for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Garrett Taylor and wife brought this suit against Harrison Craft and Luney Gunter to cancel a coal mining lease. It was alleged in the petition that on May 26, 1943, the plaintiffs executed and delivered to the defendant Harrison Craft a coal mining lease which contained, among others, this provision: "Said lessee agrees to mine said coal in a workmanlike manner and according to the laws of Kentucky for mining coal and so as to reclaim all coal possible from the herein described boundary and to take good care of all property, to not commit or suffer any waste."

It was further alleged that the defendant Craft had violated this and other provisions of the lease, and a forfeiture was sought. In an answer, counterclaim and cross-petition Craft denied the allegations of the petition and sought judgment for $1,200 against H. J. Sherman and Elmer Farley, who were made parties by the cross-petition. He alleged that he had sold the lease to

'Sherman, Farley and Gunter for $1,500, and that Gunter had paid him $300, but that the plaintiffs, upon learning of the sale, conspired with the purchasers to forfeit the lease and to turn the leasehold over to Sherman, Farley and Gunter. He also alleged that he had expended $800 on the property. Sherman and Farley, in answer to the cross-petition, alleged that on April 18, 1944, they and Gunter agreed to purchase the lease from Craft for $1,-500, but that Craft was to prepare and send to Sherman at Wayland, Kentucky, a new lease contract containing more favorable terms and provisions than the lease of May 26, 1943; that he had failed to send any lease in pursuance of his contract of sale, and that by reason of this breach of his agreement he was not entitled to recover any sum from them. Upon submission of the case the court forfeited the lease from Taylor to Craft, dismissed Craft's counterclaim against the plaintiffs, but rendered judgment against Sherman and Farley in favor of Craft in the sum of $1,200, the balance of the purchase price of the leasehold. Sherman and Farley, claiming there was a complete failure of consideration, have appealed.

Garrett Taylor owns a tract of land in Bell County consisting of 200 or 300 acres. On May 26, 1943, he executed and delivered to Craft a coal mining lease on 35 acres of this land. Fifteen acres of the leased land is underlaid with coal. Taylor's sons had opened a mine on the leased tract, and had erected a tipple and driven the main entry 300 or 400 feet into the mountain. The lease to Craft included the use of the tipple and the equipment on the ground. Sherman, Farley and Gunter began negotiating with Craft for the purchase of the lease in November, 1943. Early in April, 1944, the sale was made, and Gunter paid Craft $300. The agreed price was $1,500, and included the personal property at the mine owned by Craft, who testified that he had about $200 worth of equipment on the ground and a pony which he valued at $150. Sherman lived at Wayland, Kentucky, where he was assistant superintendent of a mine owned by the Elkhorn Coal Company, and Farley lived in West Virginia where he was engaged in the coal mining business. On April 18, 1944, Sherman, Farley and Gunter met Craft in Middlesboro, Kentucky, and the transaction was concluded except for

the payment of the balance of the purchase price and delivery of the assigned lease. Craft testified that Farley was ready to pay his part of the balance, but Sherman stated he had sent off his War Bonds to be cashed and would have his part of the purchase price as soon as he got the returns on them. The purchasers took possession of the property, including Craft's equipment and pony, and began operating the mine with Gunter in charge. A few days later, on April 26, 1944, the Taylors brought this suit to forfeit the lease on the ground that Craft had failed to operate the mine in a workmanlike manner. The purchasers continued in possession of the property after the suit was brought. Some time in May Gunter was arrested and taken to North Carolina, where he remained about a month. During his absence Garrett Taylor, owner of the land, and Garrett Richards, a former employee of Craft, were employed by appellants to operate the mine. Each of them was paid $5 a day. Appellants sent money to Taylor from time to time to pay his and Richard's wages and the wages of the miners.

Sherman and Farley disagree as to the reason for their failure to pay the balance of the purchase price to Craft. Farley says they refused to pay the balance because of the institution of the forfeiture suit by Taylor, while Sherman says they refused because Craft never delivered the assigned lease, but the proof shows that Craft executed the assignment and was ready to deliver the lease when the balance of the purchase price was paid. There is no evidence that Taylor objected to an assignment of the lease to appellants by Craft. His sole object was to remove Craft as operator of the mine, since he was dissatisfied with the manner in which the mining operation had been carried on. Obviously, appellants were satisfactory to him as lessees. He operated the mine for them as an employee for a month. He also executed and delivered to Sherman, Farley and Gunter a coal mining lease on part of his land adjoining the Craft lease, and they were operating a mine on that land when this case was tried. Sherman and Farley testified for Taylor in his suit to forfeit the lease. They stated that the mine had been operated in an unworkmanlike manner, and was in bad condition. These facts were known to them before they purchased

the lease from Craft, and they admitted that the property was worth $1,500 in the condition in which they found it. Craft testified that Gunter told him the appellants had agreed to assist Taylor in forfeiting the lease and to pay him $500 for a lease in the event Craft's lease was canceled. We are not prepared to say that the evidence is sufficient to establish a conspiracy between Taylor and appellants, but it is amply sufficient to sustain the judgment.

The judgment is affirmed.